UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERLYAH STEWARD, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-14386 |
| ) | |
| v. ) | |
| ) | |
| AMAZON.COM SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

# COMPLAINT

Plaintiff, Sherlyah Steward ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Amazon.com Services, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's sex-based discrimination, pregnancy-based discrimination, pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII.

2. This lawsuit also arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have occurred or been complied with.

6. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. Plaintiff, Sherlyah Steward, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

10. Defendant, Amazon.com Services, LLC, whose address is 4300 S BRANDON RD ELWOOD, IL, 60421, is an LLC specializing in e-commerce services that at all times material to the allegations in this Complaint was doing business in and for Will County, Illinois.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a forklift driver from on or about October 28, 2024 until Plaintiff's unlawful termination on or about December 27, 2024.

14. As a forklift driver, Plaintiff's duties included, but were not limited to, the following:

- Loading, unloading, shipping, and receiving warehouse items.

15. Since at least December 20, 2024 through December 27, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

16. Plaintiff is female and pregnant and is a member of protected classes because of her sex and pregnancy whom Defendant subjected to different terms and conditions of employment than others not within Plaintiff's protected classes.

17. Plaintiff was employed at the RFD3 location in Joliet, IL, and was in the process of transferring to a different Amazon location in Marcum, IL, with a scheduled start date of January 8, 2025.

18. Approximately one week before Plaintiff's termination, Plaintiff experienced lightheadedness and nausea while working on the forklift.

19. Plaintiff went to Human Resources (HR) and informed them that she was pregnant.

20. The HR representative Plaintiff spoke with advised Plaintiff that it was company protocol for Plaintiff to take leave and visit a doctor to receive a note regarding Plaintiff's pregnancy and any necessary accommodations.

21. Plaintiff took the leave and saw her doctor on or about December 23, 2024.

22. The doctor cleared Plaintiff to return to work without any limitations.

3

23. Plaintiff returned to work on or about December 27, 2024, and provided a different HR representative with the doctor's note clearing Plaintiff to return.

24. Despite being cleared for work, the HR representative informed Plaintiff she could no longer operate a forklift due to her pregnancy and Plaintiff would be moved to working on the dock.

25. Plaintiff reported to the dock area and worked for 2-3 hours that day until she was called down to the office by a new female outbound manager and an HR representative whom Plaintiff had never met before.

26. They informed Plaintiff that she was being terminated for "idle time."

27. When Plaintiff asked for clarification, they gave Plaintiff no further explanation, and Plaintiff was left unsure of what they meant.

28. Later, Plaintiff contacted HR through the A to Z app to inquire about her status, as Plaintiff was still listed on the schedule.

29. The HR representative Plaintiff spoke with told Plaintiff that they couldn't find any record of her termination and instructed Plaintiff to report to the Marcum location on January 8 as planned.

30. When Plaintiff arrived there on January 8, 2025, her badge did not work, and Plaintiff was informed that she had, in fact, been terminated and was not longer in their system as an employee.

31. Plaintiff's termination was the direct result of her pregnancy.

32. Plaintiff was moved to a different role due to her pregnancy, and then terminated shortly thereafter, without a clear explanation.

33. Defendant failed to accommodate Plaintiff's pregnancy.

34. Ultimately, on or about December 27, 2024 Plaintiff was terminated on the basis of Plaintiff's sex, pregnancy, and engaging in protected activity as described above.

35. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

36. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

37. Plaintiff reported the sex-based discrimination to Defendant.

38. Plaintiff was targeted for termination because of her sex, pregnancy, and reporting of illegal activity.

39. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

40. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim, because Plaintiff requested accommodation.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sex-based Harassment)

41. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based/ pregnancy-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Defendant knew or should have known of the sex-based harassment.

44. The sex-based harassment was severe and pervasive.

45. The sex-based harassment was offensive subjectively and objectively.

46. The sex-based harassment was unwelcomed.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the sex-based/ pregnancy-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

50. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

55. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

58. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

59. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

60. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

61. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

63. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT IV
### Violation of the Pregnant Workers Fairness Act
### (Failure to Accommodate)

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

70. Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg et seq.

71. Defendant was aware of the pregnancy and the need for accommodations.

72. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

73. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

74. Defendant did not accommodate Plaintiff's pregnancy.

75. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

76. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Pregnant Workers Fairness Act
### (Retaliation)

78. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

79. Plaintiff is a member of a protected class under Title VII.

80. During Plaintiff's employment with Defendant, Plaintiff requested accommodations.

81. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

82. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

83. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

84. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq.

85. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

86. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

87. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 25th day of November, 2025.

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481

                                                     SULAIMAN LAW GROUP LTD.
                                                     2500 S. Highland Avenue, Suite 200
                                                     Lombard, Illinois 60148
                                                     Phone (331) 307-7634
                                                     Fax (630) 575 - 8188
                                                     ssteere@sulaimanlaw.com
                                                     *Attorney for Plaintiff*